# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TIFFANY N. TAYLOR,**
**Claimant Below, Petitioner**

**FILED**
November 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0276** (BOR Appeal No. 2046205)
                    (Claim No. 2009088049)

**KEVIN J. GERESTI**
**&**
**DENNIS S. ROHR,**
**Employers Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tiffany N. Taylor, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kevin J. Geresti & Dennis S. Rohr, by Lucinda Fluharty, their attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 1, 2012, in which the Board affirmed a July 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 14, 2010, Order which denied a request to add low back pain, cervicalgia, and displaced intervertebral disc as compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 15, 2009, Ms. Taylor was employed as a laundry attendant by Mr. Geresti and Mr. Rohr when she slipped and fell in a puddle of water sustaining injuries to her ankle, wrists, middle back, and neck. On March 5, 2010, Dr. Aggarwal submitted a diagnosis update listing low back pain as the primary condition with cervicalgia and displaced intervertebral disc as secondary conditions. The claims administrator denied a request to add low back pain, cervicalgia, and displaced intervertebral disc as compensable components. The allowed

1

diagnoses codes were updated to clarify the compensable components as the left ankle, the wrists, the neck, and the thoracic spine.

The Office of Judges held that low back pain, cervicalgia, and displaced intervertebral disc are not compensable conditions in this claim. Ms. Taylor disagrees and asserts that the medical evidence shows that low back pain should be an accepted diagnosis in her claim. Mr. Geresti and Mr. Rohr argue that Ms. Taylor's disc abnormalities and lower back pain were pre-existing conditions and that she is currently being treated for neck pain under the present claim. On April 28, 2009, a second report of injury form signed by Dr. Aggarwal indicated that Ms. Taylor had injured her left ankle, right shoulder, and lower back. The diagnoses codes indicated contusion of multiple sites, lumbago, and pain in the joint involving the ankle and foot. On June 5, 2009, Dr. Shall opined that Ms. Taylor possibly injured her thoracic spine in the fall. On July 1, 2009, Dr. Amores performed a physician's review and found there was no specific clinical correlation to the requested additional diagnoses. On July 14, 2009, Ms. Taylor testified in deposition that she had prior injuries to her back that might have been caused by a car accident and that her prior back problems were in her lower back but now the pain is in the top of her back, her neck, and in between her shoulder blades. On August 21, 2009, Dr. Jin opined that there was insufficient medical evidence to support causation between the requested diagnoses and the injury in this claim. On April 8, 2010, Dr. Jin recommended against accepting lower back pain and cervicalgia. Dr. Jin noted that lower back pain and cervicalgia only describe symptoms without indicating the nature of the pain and potential etiology. On February 17, 2011, Dr. Langa performed an independent medical evaluation and diagnosed Ms. Taylor with diffuse chronic spinal discomfort. Dr. Langa opined that the condition of cervicalgia should be compensable and that the denial of lower back pain as a compensable component was appropriate.

The Office of Judges concluded that both parties had acknowledged that the denial of the diagnosis of displaced intervertebral disc was correct as there was no documentation of a disc abnormality and that Ms. Taylor's counsel acknowledged that cervicalgia was being treated. The Office of Judges found that the record failed to support the contention that Ms. Taylor's injury caused an aggravation of her pre-existing lower back pain. The Office of Judges determined that Dr. Shall failed to mention any complaints from Ms. Taylor regarding her lumbar spine and to include the lumbar spine in his impression of her injuries. The Office of Judges concluded that Dr. Aggarwal is attempting to add the diagnosis of lower back pain to treat Ms. Taylor's pre-existing back pain that is unrelated to the present injury. The Office of Judges held that Ms. Taylor had failed to meet her burden of proof to establish that her low back pain was caused by her April 15, 2009, compensable injury. The Board of Review reached the same reasoned conclusions in its decision of February 1, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

2

Affirmed.

**ISSUED:   November 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II